IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOYALTY DENTAL PLAN, INC.**, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15 C 1970 ) |
| **SILICUS TECHNOLOGIES, LLC**, as successor by merger with **SILICUS SOLUTIONS LLC**, a Texas limited liability company, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's April 8, 2015 memorandum opinion and order ("Opinion") identified several problematic aspects of the then-filed responsive pleading tendered by all four defendants, concluding with a directive that an Amended Answer and any accompanying appropriate affirmative defenses ("ADs") be filed on or before April 21. That amendatory document has been filed, with a copy having been delivered to this Court's chambers, and the issuance of this memorandum order is prompted by that pleading.

Because this action invokes the diversity-of-citizenship branch of federal jurisprudence, that subject is necessarily the first order of business to which this Court must attend (Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)), indeed must attend sua sponte (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). In this instance the initial responsive pleading, because of its failure to comply with this District Court's LR 10.1, did not fully highlight the deficiency of the Complaint by Loyalty Dental Plan, Inc. ("Loyalty Dental")

in speaking of that subject -- but now the newly-filed Amended Answer puts into sharp focus a material problem in that respect. To be specific, both Amended Answer ¶¶ 5 and 6 again refer to the limited liability company status of the two corporate defendants,[1] but the manner in which those paragraphs are phrased plainly poses serious ambiguities on the jurisdictional front.

As for Amended Answer ¶ 5, defendants deny Loyalty Dental's information and belief allegation that the members of defendant Silicus Technologies, LLC[2] "are residents and citizens of Texas and India," but having done so that paragraph goes on to "admit one of the members of Silicus is a resident of Texas and the duel [sic] citizen of the United States and India." That presentation is insufficient, both because it speaks only of the Texas <u>residence</u> of the unidentified member of Silicus (see 28 U.S.C. § 1332(a)(2))[3] and because it does not specify the states of citizenship of all other members of Silicus. And as for Amended Answer ¶ 6, its last sentence does identify the states of citizenship of three of the members of defendant SafeBase Solutions, LLC ("SafeBase") -- but it does not state (if such is the case) that SafeBase has only three members and, if that is not the case, it fails to provide the additional jurisdictional information.

Accordingly the present pleadings, because of the locutions employed by defense counsel, raise a question whether the requisite complete diversity exists. Hence defense counsel

---

[1] That status of both limited liability company defendants renders wholly irrelevant the allegations about those defendants' principal place of business, for the relevant citizenship for federal diversity purposes is the state of citizenship of <u>each</u> <u>member</u> of the limited liability company (<u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006).

[2] As the case caption reflects and defendants do not challenge, Silicus Technologies, LLC (referred to by both sides -- and therefore here as well -- simply as "Silicus") is the successor by merger to Silicus Solutions, LLC (referred to here as "Silicus Solutions").

[3] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

are ordered to file a corrective amendment to the Amended Answer on or before May 7, 2015 to clear up the matter, else this action would have to be dismissed because the requisite diversity has not been demonstrated (cf, e.g., <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004)).

That said, this memorandum order goes on to discuss another critical issue raised by the Amended Answer. Importantly, Loyalty Dental has based its host of claims on what are termed "Statement of Work agreements" (documents that the parties refer to as "SOW" followed by a three-number designation) asserted to have been entered into pursuant to a written Master Services Agreement entered into between "Loyalty Dental" and Silicus Solutions on or about May 31, 2014 (Complaint ¶ 13). Complaint Ex. A is a 9-page document that is indeed captioned "Master Services Agreement" but that is "made effective the 30th Day of May, <u>2013</u>." That discrepancy forms the linchpin of defendants' Amended Answer, for Amended Answer ¶ 2 asserts that "Loyalty Dental was not formed until approximately August 8, 2013, and consequently Loyalty Dental could not have contracted with Silicus,as alleged by Loyalty Dental." That in turn forms the underpinning of the Amended Answer's contention that Loyalty Dental is not a party to the Statement of Work agreements sued upon "because Loyalty Dental was not a party to the Master Services Agreement and only a party to the Master Services Agreement could agree to and execute SOW002 or or 003" (Amended Answer ¶ 16, with a similar position taken as to SOW001 in Amended Answer ¶ 15).

That position strikes this Court as extraordinarily disingenuous, even for a lawyer. It is noteworthy that the May 30, 2013 Master Services Agreement (Complaint Ex. A) was executed on a form document obviously prepared by Silicus Solutions and that the "Client" in that document is shown as "Loyalty Dental Plan." And the two Statements of Work (SOW001 and

SOW002, Complaint Exs. B and C), also obviously on Silicus-Solution-prepared forms, show the Client as Loyalty Dental Plans, <u>LLC</u> and are executed in that fashion by it and by Silicus Solutions.

In candor defendants' current position appears to be weasel-worded and to pose serious problems as to its compliance with Fed. R. Civ. P. ("Rule") 11(b). Whether defense counsel's effort calls for the application of doctrines such as estoppel or contract performance or perhaps demonstrate just plain bad faith in the objective sense, defense counsel owe this Court a more plausible statement of position, and this Court directs that such an explanation or a return to the drawing board via a Second Amended Answer must be provided (with a paper copy delivered to the Court's chambers) on or before May 6, 2015.

Because what has been said here would seem likely to infect the entire responsive pleading, it obviously makes no sense for this order to go farther to deal with other matters on a sort of "what if" basis. That of course extends as well to the present Affirmative and Other Defenses that follow the Answer itself, so that this Court expects defense counsel to re-examine them too in light of what has been said here.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2015